1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   THE TRAVELERS INDEMNITY            Case No. 8:24-cv-00660-FLA (DFMx)
     COMPANY OF CONNECTICUT,
12   *et al.*,                          **ORDER TO SHOW CAUSE WHY
13                                       THE ACTION SHOULD NOT BE
                         Plaintiffs,     TRANSFERRED**
14
          v.
15
16   WEST AMERICAN INSURANCE
     CO., *et al.*,
17
                         Defendants.
18
19
20
21
22
23
24
25
26
27
28

                                    1

**ORDER**

On February 14, 2024, Plaintiffs The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America ("Plaintiffs") filed a Complaint in the Orange County Superior Court, asserting one cause of action for equitable contribution against Defendants West American Insurance Company ("West American") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively, "Defendants").  Dkt. 1-1 (Compl.).  On March 25, 2024, Defendants removed the action to this court, alleging the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a).  Dkt. 1.  On April 1, 2024, Plaintiff filed a Doe Amendment, naming Defendant Wausau Underwriters Insurance Company ("Wausau") as Doe Defendant 1.  Dkt. 11.  West American, Liberty Mutual, and Wausau will collectively be referred to as "Defendants."

Plaintiffs allege they are Connecticut companies with principal places of business in Connecticut.  Compl. ¶¶ 2–3.  Defendant West American is an Indiana corporation with its principal place of business in Massachusetts.  Dkt. 1 ¶ 9.  Defendant Liberty Mutual is a Massachusetts Corporation with its principal place of business in Massachusetts.  Dkt. 1 ¶¶ 9–10.  Defendant Wausau is a Wisconsin corporation with its principal place of business in Massachusetts.  Dkt. 25 at 3–4.  According to the parties, this action arises out of an underlying action titled, *Cabrillo Unified School District v. West Bay Builders, Inc.*, San Mateo County Superior Court Case No. 17CIV00937 (the "*Cabrillo* action"), which concerns construction defects that allegedly occurred in connection with the construction of a building in San Mateo County.  Compl. ¶ 1; Dkt. 1 ¶ 4.  San Mateo County falls within the jurisdiction of the United States District Court for the Northern District of California.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a) ("Section 1404(a)").  A district court may transfer a

2

case *sua sponte* under § 1404(a), so long as the parties are first given the opportunity to present their views on the issue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  The court reviewed the Complaint (Dkt. 1-1), the Notice of Removal (Dkt. 1), and the parties' Joint Case Management Statement and Joint Rule 26(f) Report and Discovery Plan (Dkt. 25), but did not find any facts that tie the parties or their dispute to this district.

Accordingly, the court ORDERS the parties to Show Cause ("OSC") in writing on or before June 24, 2024, why this action should not be transferred, pursuant to 28 U.S.C. § 1404(a), to the Northern District of California, the District of Connecticut, or the District of Massachusetts.  The parties may file one brief per side, which shall not exceed 10 pages.

IT IS SO ORDERED.

Dated: June 17, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge